# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**TERRY H. KARR,**
**Claimant Below, Petitioner**

**FILED**
May 5, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 16-0516** (BOR Appeal No. 2050962)
                     (Claim No. 2014009920)

**BIZZACK CONSTRUCTION, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Terry H. Karr, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Bizzack Construction, LLC, by Alyssa A. Sloan, its attorney, filed a timely response.

The issue on appeal is whether a lumbar spine strain should be a compensable condition of the claim. On September 15, 2014, the claims administrator denied the request to add a lumbar spine strain as a compensable condition of the claim. The Office of Judges affirmed the decision in its November 16, 2015, Order. The Order was affirmed by the Board of Review on May 3, 2016. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Karr, an equipment operator for Bizzack Construction, LLC, injured himself in the course of his employment on September 27, 2013. Mr. Karr was operating a loader when the engine quit and the loader went over a hill. Mr. Karr was taken to Logan Regional Medical center for treatment. He sustained an injury to the head, abrasions, contusions, lacerations, ecchymosis, tenderness, a neck injury, shoulder pain, confusion, and decreased range of motion. There was no mention of a lower back injury. On October 2, 2013, the claim was held

1

compensable for open wound of the forehead without mention of complications and sprains of the shoulder and upper arm.

Syam Stoll, M.D., completed an independent medical evaluation report on February 24, 2014. Dr. Stoll concluded that Mr. Karr had not reached maximum medical improvement. He found Mr. Karr would need an ophthalmology consultation regarding his right eye medial rectus palsy/weakness and right upper eyelid ptosis, both of which are related to oculomotor nerve damage. He noted the mechanism of injury could have damaged a cranial nerve. In relation to the multiple healed facial and scalp lacerations, Dr. Stoll recommended plastic and reconstructive surgical consultations for possible scar revision. He also found Mr. Karr would need an orthopedic surgical consultation after an MRI of his right shoulder was completed.

On March 8, 2014, Luis Bolano, M.D., completed a diagnosis update and stated the primary diagnosis was rotator cuff sprain, strain, and tear. From July 21, 2014, through May 8, 2015, Mr. Karr was treated by Allen Young, M.D. He had been suffering from depression since the initial work injury and was treated with medication. Dr. Young felt the diagnosis of single episode major depression should be added to the claim. Dr. Young recommended Mr. Karr see a psychiatrist for the condition. Dr. Young completed a diagnosis update on July 23, 2014, listing this diagnoses as rotator cuff, open wound of the forehead, neck sprain, exotropia, lumbosacral sprain, head injury, and diplopia.

Rebecca Thaxton, M.D., reviewed the records and authored a physician review report on July 31, 2014, in which she opined that the diagnoses of lumbar strain and diplopia should not be added to the claim. She noted back pain was not mentioned in the early records of September of 2013. She found there was no temporal relationship between the lumbar sprain and the work injury. On August 6, 2014, the claims administrator denied the addition of lumbar spine strain to the claim. The claims administrator issued a September 15, 2014, decision denying the request to add a lumbar spine strain as a compensable condition of the claim.

On June 11, 2015, Mr. Karr was deposed. He stated he was working with an endloader on September 27, 2013, at a job site on the side of a mountain. Mr. Karr related that everything was working fine until he went to dump a bucket of gravel. At that time, the engine quit, and he lost all control of the machine. The machine slipped backwards and fell down a 200 foot drop-off. Mr. Karr asserted that the impact injured his lower back. Mr. Karr explained that he did not originally report pain in his lower back to medical personnel because he thought it would resolve itself. However, over time it became worse.

On November 16, 2015, the Office of Judges determined that Mr. Karr failed to establish that his lumbar strain was related to the work injury. The Office of Judges found that Mr. Karr did not have any complaints related to the lower back directly after his compensable injury. Nearly one year after the injury, Mr. Karr began complaining of lower back pain. The Office of Judges concluded that there was too great of a temporal difference between the injury and the symptoms to justify a causal connection. The Board of Review adopted the findings of the Office of Judges and affirmed its Order on May 3, 2016.

After review, we agree with the decisions of the Office of Judges and Board of Review, because their decisions are supported by the evidence of record. The injury occurred on September 27, 2013, yet Mr. Karr did not complain of lower back symptoms until nearly one year after the injury. Because of the temporal delay between the injury and the lower back symptoms, it was appropriate for the Office of Judges and Board of Review to conclude they were not causally related.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: May 5, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

3